**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

David Edward Palmer, II,

Plaintiff,

v.

Anoka County, et al.,

Defendants.

No. 26-cv-2431 (KMM/DTS)

**ORDER**

---

This matter is before the Court on the Report and Recommendation ("R&R") issued by United States District Judge David T. Schultz on July 14, 2023. (Dkt. 13.) In the R&R, Judge Schultz observes that "[a]cross several filings, [Plaintiff David Edward] Palmer asks the Court to overturn his state criminal conviction in *State v. Palmer*, No. 02-cr-25-1031 (Anoka Cnty. Dist. Ct.)."[1] (*Id.* (citing Dkt. 3 at 1; Dkt. 9 at 6; Dkt. 11 at 1).) Judge Schultz recommends that any request in Palmer's various filings to overturn, vacate, or otherwise invalidate his criminal conviction in No 02-cr-25-1031 be denied (without prejudice to Palmer filing a separate petition for a writ of habeas corpus under 28 U.S.C. § 2254 after he has exhausted his state-court remedies). (*Id.* at 8–10.)

When he filed this case on April 30, 2026, Mr. Palmer was located at the Anoka County Jail. But when the R&R was issued, the mail including the R&R was returned

---

[1] On June 12, 2026, Mr. Palmer was sentenced to an 88-month prison term following his conviction for second-degree possession of fentanyl. *State v. Palmer*, No. 02-CR-25-1031, Index #246 (Anoka Cnty. Dist. Ct. June 12, 2026) (Sentencing Order). On August 31, 2026, Mr. Palmer appealed to the Minnesota Court of Appeals. *State v. Palmer*, No. A26-1550 (Minn. Ct. App. Aug. 31, 2026). That appeal remains pending.

because Mr. Palmer was no longer at that facility. Based on information on the MN Department of Corrections website, the Clerk of Court resent the R&R to Mr. Palmer's new placement at MCF St. Cloud on August 3, 2026. Unfortunately, that mail was also returned because it included the wrong offender identification number for Mr. Palmer. On August 17, 2026, the Clerk of Court discovered that Mr. Palmer had been moved to MCF Lino Lakes and sent the R&R to him there, this time with the correct number.

On September 1, 2026, Judge Schultz observed that the record in this case showed Mr. Palmer had not yet received a copy of the July 14th R&R. (Dkt. 14 at 1.) Accordingly, Judge Schultz directed the Clerk of Court to resend the R&R to Mr. Palmer and ordered that Mr. Palmer's time to file objections to the R&R would start anew. (*Id.* at 2 ¶¶ 4–5.) In a filing received by the Court on September 21, 2026, Mr. Palmer confirms that he has now received a copy of the July 14th R&R. (Dkt. 15 at 1 ("I see the 'Order & Report and Recommendation' filed (7/14/26). . . .").)

On September 17, 2026, Mr. Palmer prepared a "Motion to Amend Complaint." (Dkt. 15.) He has not separately objected to the R&R, but this Court has reviewed his motion to amend and considered whether Mr. Palmer states any objection to Judge Schultz's recommendation that the Court deny any request in this proceeding to overturn or invalidate his criminal conviction in *State v. Palmer*, No. 02-cr-25-1031. *See Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024) (explaining that courts "liberally construe pro se filings"). The Court has also considered whether amendment, if allowed, would correct the problems Judge Schultz identified. While Mr. Palmer's motion to amend refers to other state cases by their case numbers in his motion to amend, he does not mention No.

02-cr-25-1031 specifically. However, he does assert he is in prison "by way of an unlawful conviction for a possession of a substance" that he has proven through video evidence and testing is not drugs. (*Id.* at 5.)

Liberally construing Mr. Palmer's submission, his objection to the R&R's conclusion that he cannot use this civil case to invalidate or overturn his conviction in *State v. Palmer*, No. 02-cr-25-1031 (Anoka Cnty. Dist. Ct.), is overruled. The R&R correctly explains that in this case under 42 U.S.C. § 1983, the Court cannot vacate or reverse his conviction from his state criminal case. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation (Dkt. 32) is **ACCEPTED**.
2. Any request in this matter by Plaintiff to overturn, vacate, or otherwise invalidate his criminal conviction in No. 02-cr-25-1031 is **DENIED** (without prejudice to Plaintiff filing a separate petition for a writ of habeas corpus under 28 U.S.C. § 2254 after he has exhausted his state-court remedies).

Date: October 7, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge